IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Heron Investors LLC,<br><br>Plaintiff,<br><br>v.<br><br>Westminster American Insurance Company,<br><br>Defendant. | Case No. 3:26-cv-02215-SAC<br><br><br><br>**OPINION AND ORDER** |

This matter is before the Court on a Motion to Dismiss Defendant's Counterclaim filed by Plaintiff Heron Investors LLC ("Heron Investors"). ECF No. 16. Defendant Westminster American Insurance Company ("Westminster") filed a response in opposition. ECF No. 19. The motion is accordingly ripe for review. For the reasons discussed below, the Court DENIES the motion.

## BACKGROUND

Heron Investors filed a Complaint against Westminster in the Court of Common Pleas for Richland County. ECF No. 1-1. The Complaint arises out of Westminster's partial denial of Heron Investors' claim for insurance proceeds pursuant to a commerical policy on real property owned by Heron Investors. *Id.* ¶ 1. Heron Investors asserts three causes of action: (1) declaratory judgment, (2) breach of contract, and (3) bad faith. *Id.* ¶¶ 20-34. Westminster subsequently removed the action to this Court. ECF No. 1. Westminster filed an Answer and Counterclaim raising affirmative defenses and asserting a Counterclaim for declaratory judgment and requesting costs and reaonable fees. ECF No. 5. Heron Investors subsequently filed the instant Motion to Dismiss Westminster's Counterclaim. ECF No. 16.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must state only "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the [petitioner] pleads factual content that allows the court to draw the reasonable inference that the [respondent] is liable for the misconduct alleged." *Id*. at 678. Accordingly, the plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible the petitioner is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Relevant here, "the standards for evaluating a Rule 12 (b)(6) motion apply when evaluating the sufficiency of counterclaims." *Walker-Davis v. Unique Caring Found., Inc.*, No. 9:23-CV-00156-DCN, 2023 WL 3061243, at *2 (D.S.C. Apr. 24, 2023); *see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) ("To survive the motion, a complaint (or counterclaim, as is the case here) must contain sufficient facts to state a claim that is plausible on its face." (citation modified)).

## ANALYSIS

Heron Investors argues Westminster's Counterclaim for declaratory judgment "is the precise mirror image of the three causes of action pleaded in Heron Investors' Complaint and of [Westminster's] own affirmative defenses" and should accordingly be dismissed. ECF No. 16-1 at 1. In sum, Heron Investors argues that adjudication of its claims, together with Westminster's

affirmative defenses, will fully resolve every issue raised in Westminster's Counterclaim, and therefore the Counterclaim cannot serve a useful purpose. *Id.* at 4.

In response, Westminster argues its Counterclaim seeks "more robust and specific declaratory relief regarding [Heron Investors'] failure to timely report the underlying claim, [Westminster's] good faith conduct in investigating the untimely claim, and [Westminster's] particular bases for denying coverage." ECF No. 19 at 5. Westminster further distinguishes many of the cases cited by Heron Investors as distinct from the current procedural posture of this case. *Id*. at 7-11.

"[A] federal district court should normally entertain a declaratory judgment action within its jurisdiction when it finds that the declaratory relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue, and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994) (citation modified).

In the declaratory judgment context, however, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration. *Centennial Life Ins. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996). The Court is aware many district courts have dismissed redundant, mirror image counterclaims. *See, e.g.*, *Honest Greens Barcelona, S.A.U. v. Poky's LLC*, No. 4:24-CV-07023-JD, 2025 WL 2784883, at *4 (D.S.C. Sept. 30, 2025) (granted without opposition); *MST, LLC v. N. Am. Land Trust*, No. 2:22-cv-00874-DCN, 2023 WL 3571500, at *5 (D.S.C. May 19, 2023); *XL Specialty Ins. v. Truland*, No. 1:14cv1058(JCC/JFA), 2014 WL 7345200, at *2-3 (E.D. Va. Dec. 23, 2014) (dismissing amended counterclaim because the affirmative defense and the counterclaim were repetitious). However, although some courts have dismissed a defendant's redundant declaratory

judgment counterclaims, "the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt it will be rendered moot by the adjudication of the main action." *Constan Gervais Street Cash Wash v. Auto-Owners Ins.*, 793 F.Supp. 3d 732, 742 (D.S.C. 2025) (citation modified).

Here, the Court is not persuaded that the entirety of Westminster's declaratory judgment claim will be resolved after a decision on Heron Investors' claims and Westminster's affirmative defenses. Some of the relief Westminster seeks in the declaratory judgment counterclaim is not wholly duplicative of Heron Investors' claims and Westminster's affirmative defenses. Specifically, and by way of example, Heron Investors' bad faith claim alleges Westminster had a duty to act in good faith and fair dealing, failed to promptly investigate the claim, acted with willful, wanton, and/or reckless disregard of Heron Investors' rights, and committed the following specific acts in bad faith:

a. failed to pay under the policy;

b. failed to undertake an adequate and reasonable investigation within a reasonable period of time;

c. failed to acknowledge a promise of pertinent communication regarding claims arising under the policy;

d. failed to adopt and implement reasonable standards for the prompt investigation for the settlement of claims;

e. did not attempt in good faith to effectuate a fair and equitable settlement of the submitted claims;

f. refused to reasonably interpret the policy or reasonably apply the policy provisions to the claims and instead acting to protect Westminster's own financial interest;

g. acted to protect its own financial interests at the expense of Heron Investors;

h. engaged in unfair and deceptive claims handling practices;

i. acted in such other manners as set forth in the Facts section; and

j. acted in such other manners as may be shown through discovery.

ECF No. 1-1 at 7. In its fourth affirmative defense, Westminster claims it "acted at all times in good faith with due diligence concerning all the matters alleged within [Heron Investors'] Complaint." ECF No. 5 at 6.

In its Counterclaim, Westminster seeks a declaration that its "*conclusions* following its investigation of the [c]laim were reasonable, appropriate, and *timely communicated* to Heron Investors." ECF No. 5 ¶ 85(c) (emphasis added). Heron Investors argues this claim is the "negative" and mirror image of Heron Investors' bad faith cause of action and Westminster's fourth affirmative defense. ECF No. 16-1 at 3. Here, Heron Investors' bad faith claim and Westminster's fourth affirmative defense do not specifically address bad faith regarding Westminster's *conclusions following* its investigation and the *communication* of those conclusions to Heron Investors. Neither contain specific allegations regarding Westminster's *conclusions* following its investigation and the *communication* of those conclusions to Heron Investors.

Similarly, Westminster also seeks the Court's declaration that it did not act with deliberate indifference or in bad faith during its investigation into the claim or in *interacting with* Heron Investors regarding the claim, ECF No. 5 ¶ 85(d), which Heron Investors argues is also a mirror

image of its bad faith claim and Westminster's fourth affirmative defense. ECF No. 16-1 at 3. However, Heron Investors' bad faith claim and Westminster's corresponding fourth affirmative defense are more specific and narrower than Westminster's declaration, neither dealing with deliberate indifference or bad faith in *interacting* with Heron Investors. Thus, this proposed declaration in the Counterclaim also does not mirror Heron Investors' bad faith claim and Westminster's fourth affirmative defense such that it warrants dismissal at this stage.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Heron Investors' Motion to Dismiss Westminster's Counterclaim[1] [ECF No. 16].

**IT IS SO ORDERED.**

United States District Judge

September 28, 2026
Columbia, South Carolina

[1] Heron Investors also requests the Court strike Westminster's request for attorney's fees in its prayer for relief. ECF No. 16-1 at 6-7. Based on Westminster representation to the Court that it is not seeking an award of attorney's fees in this action, *see* ECF No. 19 at 14, the Court grants Heron Investors' motion to strike Westminster's request for attorney's fees as unopposed.